IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**VERTIE STAPLES, On Behalf of**
**herself and all other similarly situated**                                              **PLAINTIFF**

**V.**                                    **5:07CV214JMM**

**BATESVILLE CASKET COMPANY, INC.**                                      **DEFENDANT**

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Pending is the Defendant's Motion to Dismiss. Plaintiff has responded and the Defendant has replied. For the reasons set forth below, the Motion is DENIED.

On August 3, 2000, Plaintiff purchased a Monoseal Casket manufactured by Defendant Batesville Casket Company. According to the Plaintiff, she was induced by the Defendant to purchase the more expensive Monoseal Casket based on the Defendant's warranty that the Monoseal Casket was completely resistant to the entrance of air and water. (Complaint, at p. 8). Plaintiff alleges that the Monoseal Caskets are not completely resistant to the entrance of air and water and that the Defendant knew or should have known on August 3, 2000 that its warranty and representations were false. Plaintiff filed suit against the Defendant on August 17, 2007 for violation of the Arkansas Deceptive Trade Practice Act ("ADTPA"), fraud, fraudulent concealment and breach of express and implied warranties.

Defendant asks the Court to dismiss the Plaintiff's Complaint based upon the statute of limitations and the Plaintiff's failure to plead the fraud allegations with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Dismissal of a complaint pursuant to Rule

12(b)(6) is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must take a plaintiff's well-pleaded allegations as true and construe all reasonable inferences in a plaintiff's favor. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36-37 (8th Cir. 1995). Thus the issue to be decided by the Court under Rule 12(b)(6) is whether a plaintiff is entitled to present evidence to support his or her claims, not whether a plaintiff will ultimately prevail. *Id.* at 37. "[A]s a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief" should a motion to dismiss be granted. *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir.1974)).

Under Arkansas law, the limitations periods for a claim based on violation of the ADTPA is five years. Ark. Code Ann. § 4-88-115. The statute of limitations for claims based upon fraud is three years. Ark. Code Ann. § 16-56-105. According to the Defendant, Plaintiff's fraud claims accrued at the time of purchase of her Monoseal Casket on August 3, 2000. Therefore, the statutory limitations periods on all of Plaintiff's claims have expired. Plaintiff contends, however, that the statute of limitations was tolled on each of her claims by the Defendant's fraudulent concealment. Specifically, Plaintiff states the following in her Complaint:

> Batesville Casket knew that the purchasers of the Monoseal Caskets had no way of knowing or learning that the Monoseal Caskets did not completely resist the entrance of air and water and would never find out the truth, unless Batesville Casket told the purchasers the truth. . . . Batesville Casket knew that its fraudulent marketing scheme could not and would not be detected because Plaintiff and Class members could not ascertain on their own that the Monoseal Caskets provided no different protection for the deceased than the less expensive non-protective casket. . . . Batesville Casket's secret that the Monoseal Caskets provided no more protection than the non-protective caskets was hidden from the Plaintiff and Class Members by the gravesite of the deceased.

(Complaint, at p. 5).

The pertinent legal principles are well established regarding the application of the statute of limitations. The limitations period begins to run, in the absence of concealment of the wrong, when the wrong occurs, not when it is discovered. *Gibson v. Herring*, 975 S.W.2d 860 (Ark. App. 1998). However, affirmative acts concealing the cause of action will bar the start of the statute of limitations until the time when the cause of action is discovered or should have been discovered by reasonable diligence. *O'Mara v. Dykema*, 328 Ark. 310, 942 S.W.2d 854 (1997). A plaintiff's ignorance of his rights or the mere silence of one who is under no obligation to speak will not toll the statute. *Skaggs v. Cullipher*, 57 Ark.App. 50, 941 S.W.2d 443 (1997). There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself. *Wilson v. General Electric Capital Auto Lease, Inc.*, 311 Ark. 84, 841 S.W.2d 619 (1992). Although the question of fraudulent concealment is normally a question of fact that is not suited for summary judgment, when the evidence leaves no room for a reasonable difference of opinion a trial court may resolve fact issues as a matter of law. *Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598 (1998).

The Court finds *Gibson v. Herring*, 975 S.W.2d 860 (Ark. App. 1998) to be analogous to the instant case. In *Gibson*, the plaintiff took a loose two-carat diamond to the defendant for mounting. Several years later, plaintiff had the ring appraised and was told that the stone was not a diamond at all, but a cubic zirconium. The plaintiff filed suit against the defendant for fraud after the 3-year statute of limitations had run. The plaintiff argued fraudulent concealment tolled the statute of limitations. The Arkansas Court of Appeals held:

>There is no evidence in the exhibits presented below that appellee made any overt misrepresentations, or made an attempt to "cover up" any act he may have committed. However, appellant argues that the act of switching a cubic zirconium for a diamond is an act of fraud perpetrated in a way that it conceals itself. We agree that genuine issues of material fact remain as to this aspect of fraudulent concealment. Viewing the evidence in the light most favorable to appellant, the alleged act of concealment is part and parcel of the wrongful act complained of.. An act such as that alleged to have been committed by appellee is so furtive by nature that it tends to exclude suspicion or prevent inquiry. A cubic zirconium is designed to look like and be mistaken for a true diamond. The only way appellant could have discovered the fraud immediately upon retrieving the ring would be to have hired an expert to examine the stone. One in appellant's position should not be required to go to such lengths. We hold therefore that summary judgment was erroneously granted on the issue of fraudulent concealment.

*Gibson,* 975 S.W.2d at 862-863(internal citations omitted).

As in *Gibson*, the only way Plaintiff could have discovered that the Monoseal Casket was not completely resistant to the entrance of air and water was to remove the casket from the vault and open it. "One in [Plaintiff's] position should not be required to go to such lengths." *Id.* Viewing the evidence in the light most favorable to Plaintiff, an act such as that alleged to have been committed by the Defendant is "so furtive by nature that it tends to exclude suspicion or prevent inquiry." *Id.* Therefore, the Court finds that there are genuine issues of material fact that remain as to the date on which the statute of limitations began to run on Plaintiff's fraud claims. Further, the Court finds that Plaintiff pled the fraud with sufficient particularity as required under Rule 9(b). *See Commercial Property Investments, Inc. v. Quality Inns Int'l*, 61 F.3d 639 (8th Cir. 1995).

The statute of limitations for breach of warranty is four years. The statute provides: "A breach of warranty occurs when tender of delivery is made, *except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been*

*discovered.*" Ark. Code Ann. § 4-2-725(emphasis added).  The warranty states that the Defendant warrants that the casket "was at the time of shipment, completely resistant to the entrance of air and water, and that upon notice to it, Batesville . . . will replace the casket . . . if, during the period and under the conditions stated below after purchase, it has failed in any way to resist the entrance of air, water or any element found in the soil in which it is interred. . . ." (Ex. 2 to Complaint, at p. 2).  The warranty period for above ground entombment is twenty years.  *Id.*  Again, viewing the evidence in the light most favorable to Plaintiff, the warranty appears to guarantee the performance of the casket for twenty years.  Therefore, under Ark. Code Ann. § 4-2-725 "the cause of action accrues when the breach is or should have been discovered," not when tender of delivery was made.  The Court finds that there are genuine issues of material fact that remain as to the date on which the statute of limitations began to run on Plaintiff's breach of warranty claims.

For these reasons, Defendant's Motion to Dismiss (Docket # 2) is DENIED.

IT IS SO ORDERED this 6th day of November 2007.

_____
James M. Moody
United States District Judge