**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**VERTIE STAPLES and GARRY
CLAYTON, On Behalf of themselves
and all others similarly situated**                                         **PLAINTIFFS**

**v.**

**Case No. 5:07CV00214 JMM**

**BATESVILLE CASKET
COMPANY, INC.**                                                                     **DEFENDANT**

## PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED THAT:

1.	This Protective Order ("Order") shall apply to and govern the production and exchange of all documents, answers to interrogatories, depositions, responses to requests for production of documents and requests for admission, exhibits, and all other discovery given or made in this action by either Plaintiffs or Defendant (collectively referred to herein as the "Producer"), as well as pleadings, testimony adduced at hearings or trial, matters in evidence and all other information exchanged or furnished in this action by the Producer.

2.	A Producer may designate as Confidential any information, documents, and things which are subject to discovery in this action ("Confidential Information"), which includes the type of information recognized by Arkansas and/or federal law as being entitled to confidential treatment. Confidential Information may be used only in connection with this action, including appeals, and not for any business, commercial, competitive or any other purpose whatsoever, including, but not limited to, any other lawsuit, or potential lawsuit, other than the uses specifically permitted in paragraph 5 below.

3. The designation of any document or any portion of a document or any information produced in discovery as confidential shall be made in good faith and shall constitute a certification by counsel that the designation is, in counsel's opinion, the type of information recognized by Arkansas and/or federal law as being entitled to confidential treatment.

4. Confidential Information shall not be disclosed except in accordance with the terms, conditions and restrictions of this Order and shall not be reproduced except to the extent necessary.

5. Confidential Information, and any summary, description, analysis or report containing such Confidential Information, may be disclosed by providing the original or a reproduction if necessary, only to the following persons:

  (a) the Court, employees of the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal;

  (b) independent testifying or consulting experts who have been retained by counsel for a party with disclosure only after the expert agrees in writing to be bound by the terms of this Order by signing the Acknowledgement attached hereto;

  (c) officers, employees, agents, representatives of the receiving party or attorneys, paralegals, assistants, and clerical employees who are assisting in the prosecution, defense and/or appeal of this action, any consulting attorney, not appearing as an attorney of record in this action shall be entitled to disclosure only after he agrees in writing to be bound by the terms of this Order by signing the Acknowledgement attached hereto;

  (d) professional vendors (including the employees and contractors of the vendors) that provide litigation support services in this action to counsel of record, only after the

professional vendor agrees to be bound by the terms of this Order by signing the Acknowledgement attached hereto;

   (e) people who generated or received the documents;

   (f) witnesses at depositions, hearings or trials who are not otherwise described above only after agreeing to be bound by the terms of this Order by signing the Acknowledgement attached hereto;  and

   (g) other potential or anticipated deposition or other fact witnesses, who have or reasonably may have knowledge relating to the contents of the documents or information designated "CONFIDENTIAL" or the specific events, transactions, or date reflected in the confidential information only after agreeing to be bound by the terms of this Order by signing the Acknowledgement attached hereto.

  6. In the event that any receiving party disagrees at any stage of this action with the designation of Confidential Information, it shall provide to the Producer written notice of its disagreement with the designation.  The parties shall then discuss the matter in good faith on an informal basis in an effort to resolve the dispute.  If the matter cannot be resolved, the receiving party shall notify the Court by motion.  The information, documents or materials shall continue to receive the provisional protection of their designation until the Court rules on the motion.  The party producing the document and claiming the confidentiality of the document shall have the burden to prove the document or information is entitled to protection as confidential information under Arkansas or federal law.

  7. A Producer who makes original documents or materials available for inspection need not designate any materials as Confidential Information until after the inspecting party indicates which material it would like to have copied and provided to the inspecting party.

During the inspection and before the Producer makes a designation, all material made available to the inspecting party shall be Confidential Information under this Order. After the inspecting party has indicated which material it wants to have copied and provided, the Producer shall determine what materials it will designate as Confidential Information under this Order.

8.    The Clerk of the Court is requested to maintain under seal all documents, tangible objects, transcripts, and other materials filed with this Court in this action by any party which are, in whole or in part, *specifically labeled* as Confidential Information, including all pleadings, deposition, trial or hearing transcripts, exhibits, discovery responses or memoranda purporting to contain such Information. The party filing such material shall file with the Clerk of the Court in a sealed envelope or other appropriate sealed container prominently marked with the CONFIDENTIAL LEGEND, the caption of the action and the notation:

> SUBJECT TO A PROTECTIVE ORDER ENTERED IN CASE NO. 5:07-CV-00214 JMM. This envelope is not to be opened, nor are the contents thereof to be displayed or revealed except: (1) to the Court and then resealed, (2) by agreement of the parties, or (3) by prior Order of this Court.

A second copy of any pleading or paper specifically intended for review by the Court may be hand-delivered to the Court's chambers appropriately marked, in order to assure that it is brought promptly to the Court's attention.

9.    Within sixty (60) days after the final determination of this action, unless otherwise agreed to in writing by the Producer, a party receiving Confidential Information shall assemble and return to the Producer all confidential information, and the Producer shall acknowledge receipt of the material in writing, or the receiving party shall destroy all such information and certify that fact by letter from counsel for the receiving party to counsel for the Producer.

10. The inadvertent production by any party of documents subject to the attorney client privilege, attorney work product protection or other established legal protection ("Privileged Documents") shall not constitute a waiver of the privilege and protection notwithstanding any law to the contrary. Upon request, the party receiving Privileged Documents shall return to the party producing Privileged Documents, within two (2) business days, all copies of the documents and all other documents that incorporated information from the inadvertently produced documents.

11. Nothing in this Order shall impose any restriction on the use or disclosure by a party of its own documents or information, including the deposition testimony of its employees or experts.

12. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by an order of the Court or unless otherwise agreed in writing signed by both parties.

IT IS SO ORDERED this 7th day of February, 2008.

_____
HONORABLE JAMES M. MOODY
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

| | |
|---|---|
| **VERTIE STAPLES, On Behalf of herself** <br> **and all others similarly situated** | **PLAINTIFF** |
| **v.**   Case No. 5:07CV00214 JMM | |
| **BATESVILLE CASKET** <br> **COMPANY, INC.** | **DEFENDANT** |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I agree to be bound by the terms of the Protective Order in this action.  I agree to subject myself to the jurisdiction of the United States District Court for the Eastern District of Arkansas in connection with the Protective Order in his action.

Dated: _____.

_____