IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

VERTIE STAPLES and GARRY CLAYTON
On Behalf of themselves and all others similarly
situated                                                                                           PLAINTIFFS

V.                                              5:07CV214JMM

BATESVILLE CASKET COMPANY, INC.                                        DEFENDANT

## ORDER

Pending are the Defendant's motion for summary judgment on the claims of Plaintiff Vertie Staples, docket # 48, and motion for partial summary judgment on the pleadings, docket # 14.  Plaintiffs have responded and Defendant has replied.  For the reasons set forth below, Defendant's motion for summary judgment on the claims of Plaintiff Vertie Staples is granted.  Defendant's motion for partial summary judgment on the pleadings is denied as moot.

### Facts

Plaintiffs' first amended complaint asserts that on or about August 3, 2000 Plaintiff, Vertie Staples, purchased from Griffin Funeral Service, in Star City, Arkansas, a copper Gasketed Casket manufactured by Defendant Batesville Casket Company.  According to the Plaintiff, she was induced by the Defendant to purchase the more expensive Gasketed Casket based on the Defendant's warranty that the Gasketed Casket was completely resistant to the entrance of air and water.  ( First Amended Complaint, at p. 8).  Plaintiffs allege that the Gasketed Caskets are not completely resistant to the entrance of air and water and that the Defendant knew or should have known at the time of the sale that its warranty and representations were false.  Plaintiff Staples filed suit against the Defendant on August 17, 2007

for violation of the Arkansas Deceptive Trade Practice Act ("ADTPA"), fraud, fraudulent concealment, breach of express and implied warranties and unjust enrichment. Plaintiff filed an amended complaint on January 9, 2008 adding Plaintiff, Garry Clayton.

Defendant claims that based upon documentation submitted by Plaintiffs, Vertie Staples lacks standing to pursue these claims because she did not purchase the casket at issue. Plaintiffs argue that genuine issues of material fact remain which should preclude the entry of summary judgment.

## Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the

> record does not disclose a genuine dispute on a material fact. It is
> enough for the movant to bring up the fact that the record does not
> contain such an issue and to identify that part of the record which
> bears out his assertion. Once this is done, his burden is discharged,
> and, if the record in fact bears out the claim that no genuine dispute
> exists on any material fact, it is then the respondent's burden to set
> forth affirmative evidence, specific facts, showing that there is a
> genuine dispute on that issue. If the respondent fails to carry that
> burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

Based upon documentation submitted by Plaintiffs: On February 11, 1999, Vaughn Davis, who was the duly appointed and acting guardian of the person and estate of Inezer Sanders, an incapacitated person, entered into a Pre-Need Funeral Contract with Steele Funeral Home. A copy of the Pre-Need Funeral Contract was attached to a Petition for Payment of Expenses of the Estate which was filed on February 18, 1999, in the Probate Court of Pulaski County, Arkansas. The Probate Court entered an Order on February 19, 1999 approving the payment of expenses from the guardianship estate of Ms. Sanders. The documents filed with the Probate Court reflect that Vaughn W. Davis arranged for the funeral services of Inezer Sanders and prepaid the funeral expenses to Steele Funeral Home. The casket purchased pursuant to the Pre-Need Contract is identified as a 433-897 DH Copper Rose/White Velvet casket costing $4,425.00.

Staples claims that she helped to select and purchase the casket in question and that funds in which she had an interest were used to purchase the casket. However, the Pre-Need Funeral

Contract identifies the buyer as Vaughn (Vaughncier) W. Davis and the seller as Steele Funeral Home.  The contract was executed on February 11, 1999, prior to the death of Inezer Sanders, and was paid for with funds from her guardianship estate.  Prior to the death of Ms. Sanders, Staples had no interest in or legal rights to her estate.  *See*, Ark. Code Ann. §28-65-310 ( funds in a guardianship estate may only be used for the benefit of the incapacitated person and her dependents).

Standing is a threshold issue in every case, if a plaintiff lacks standing, he or she cannot invoke the court's jurisdiction. *See, Boyle v. Anderson*, 68 F.3d 1093, 1100 (8th Cir.1995), *cert. denied*, 516 U.S. 1173 (1996). In order to invoke the jurisdiction of a federal court, a plaintiff must meet three requirements. "First, a plaintiff must have suffered an "injury in fact," and such an injury must be concrete, particularized, and either actual or imminent. *Id*. at 1100-01. Second, a would-be litigant must make out a causal connection between the alleged injury and the conduct challenged. *Id*. at 1100. Third, he or she must show that the injury is likely to be redressed by a favorable decision." *Id*. *Russell v. Burris,*  146 F.3d 563, 566 (8th Cir. 1998).  "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. Plaintiffs have the burden of proof in establishing standing." *Boyle* at 1100.

The Court finds that Plaintiff Staples lacks standing to assert claims for violations of the Arkansas Deceptive Trade Practices Act, unjust enrichment and fraud.  Staples did not purchase or pay for the casket in question accordingly, she did not sustain damages from the alleged misrepresentations made in the course of the sales transaction.  Staples is not a victim of the alleged fraudulent transaction nor could she have relied on any alleged misrepresentation because

she was not a party to the sales transaction.

Further, Staples has no standing to assert causes of action for breach of contract, express warranty or implied warranty. Staples was neither a party to the contract or a third party beneficiary of the contract. Ark Code Ann. §4-2-318 defines third party beneficiaries as "any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty." This definition does not apply to Staples. *See*, *Sweeney v. Aurora Casket Co., Inc.* 2007 WL 419560 (Ky. App. 2007)( holding that a comparable Kentucky statute did not apply to the sale of a casket. "It is undisputed that [one of the plaintiffs] was the only purchaser of the casket in question. None of his siblings had a contract with any of the defendants involved in this case, and they therefore, have no viable breach-of-warranty claim.")

For these reasons, Defendant's motion for summary judgment on the claims of Plaintiff Vertie Staples, docket # 48, is granted. Defendant's motion for partial summary judgment on the pleadings, docket # 14 is denied as moot.

IT IS SO ORDERED this 20th day of February, 2008.

_____
James M. Moody
United States District Judge