IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GARRY CLAYTON, on behalf of
himself and all others similarly
situated                                                                                          PLAINTIFF

V.                                    5:07CV214JMM

BATESVILLE CASKET COMPANY, INC.                                      DEFENDANT

### ORDER

Pending is Defendant's motion to dismiss. (Docket #51). For the reasons set forth herein, the motion is denied.

### Facts

Plaintiff, Garry Clayton alleges that Defendant, Batesville Casket Company, Inc. manufactured a casket that he purchased from Humphrey Funeral Service in Russellville, Arkansas. According to the Plaintiff, he was induced by the Defendant to purchase the more expensive Gasketed Casket based on the Defendant's warranty that the Gasketed Casket was completely resistant to the entrance of air and water. ( First Amended Complaint, at p. 9). Plaintiff alleges that the Gasketed Caskets are not completely resistant to the entrance of air and water and that the Defendant knew or should have known at the time of the sale that its warranty and representations were false. Plaintiff Clayton filed an amended complaint on January 9, 2008 against Defendant for violation of the Arkansas Deceptive Trade Practice Act ("ADTPA"), fraud, fraudulent concealment, breach of express and implied warranties and unjust enrichment.

### Standard of Review

Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief

can be granted. Fed.R.Civ.P. 12(b)(6). At this stage of the litigation, the Court must accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007). The plaintiff need not provide specific facts in support of their allegations, *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Twombly*, 127 S.Ct. at 1964-65 & n. 3.

## Discussion

Defendant contends that Plaintiff's complaint should be dismissed under the reasoning in *Wallis v. Ford Motor Co.*, 362 Ark. 317, 208 S.W. 3d 153 (2005) because the Complaint lacks an allegation of malfunction or manifestation of defect. The Court disagrees and finds that Plaintiff's complaint contains adequate allegations of malfunction and manifestation of a defect to survive a motion to dismiss. *See* First Amended Class Action Complaint at paragraphs, 11, 16, 17, 18, and 21.

In *Wallis*, the Arkansas Supreme Court was asked to determine whether the circuit court erred in dismissing a class action fraud and statutory deceptive trade practices lawsuit arising out of the purchase or lease of an allegedly defective vehicle where the only injury complained of was a diminution in value of the vehicle. The Court held that the Complaint was properly dismissed as common law fraud claims not resulting in injury are not actionable and a private cause of action under the ADTPA requires that a person suffer actual damage or injury. Importantly, the Court noted that the plaintiff in *Wallis* did not allege any personal injury or

property damage caused by the design defect, nor did he allege that the vehicle malfunctioned in any way.

Here, Plaintiff contends that the casket he purchased was not completely resistant to the entrance of air and water and did not provide the deceased protection from the elements. Accordingly, Plaintiff has stated a malfunction and manifestation of defect sufficient to preclude dismissal at this early stage in the proceedings. Defendant's motion, docket # 51, is denied.

IT IS SO ORDERED this 7th day of May, 2008.

_____
James M. Moody
United States District Judge