IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GARRY CLAYTON, on behalf of
himself and all others similarly
situated                                                                                    PLAINTIFF

V.                                    5:07CV214JMM

BATESVILLE CASKET COMPANY, INC.                                     DEFENDANT

ORDER

Pending is Defendant's motion to dismiss the unjust enrichment claim of Garry Clayton. (Docket #53).  For the reasons set forth herein, the motion is denied.

Facts

Plaintiff, Garry Clayton alleges that Defendant, Batesville Casket Company, Inc. manufactured a casket that he purchased from Humphrey Funeral Service in Russellville, Arkansas.  According to the Plaintiff, he was induced by the Defendant to purchase the more expensive Gasketed Casket based on the Defendant's warranty that the Gasketed Casket was completely resistant to the entrance of air and water.  ( First Amended Complaint, at p. 9). Plaintiff alleges that the Gasketed Caskets are not completely resistant to the entrance of air and water and that the Defendant knew or should have known at the time of the sale that its warranty and representations were false.  Plaintiff Clayton filed an amended complaint on January 9, 2008 against Defendant for violation of the Arkansas Deceptive Trade Practice Act ("ADTPA"), fraud, fraudulent concealment, breach of express and implied warranties and unjust enrichment.

Standard of Review

Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief

can be granted. Fed.R.Civ.P. 12(b)(6). At this stage of the litigation, the Court must accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007). The plaintiff need not provide specific facts in support of their allegations, *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Twombly*, 127 S.Ct. at 1964-65 & n. 3.

## Discussion

Defendant argues for the dismissal of Plaintiff's unjust enrichment claim because under Arkansas law the concept of unjust enrichment has no application when a valid express written contract exists governing the transaction. *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 362 Ark. 598, 612, 210 S.W. 3d 101, 112 (2005). Although this is a correct statement of the law, the Court notes that the "settled principle" relied upon by Defendant requires the existence of a "valid and enforceable written contract." *Id*. The Court finds that the Defendant's argument for dismissal is not appropriate at this early stage of the case. The right of the Plaintiff to state his case on alternative theories has "uniformly been upheld in the federal courts and plaintiff cannot be required to elect upon which theory to proceed." *Mastec North America, Inc. v. Allegiance Communications, LLC*, 2008 WL 161348 (W.D.Ark. 2008)(holding that the claims of breach of contract and unjust enrichment cannot be disallowed merely because they are based on inconsistent theories.)citing, *Breeding v. Massey*, 378 F.2d 171, 178 (8th Cir. 1967) and *Turley Martin Co. v. Gilman Paper Co.*, 905 F.2d 235, 237 (8th Cir. 1990).

Accordingly, if a valid and enforceable contract is found to exist, Plaintiff's claims will be submitted to the jury on the contract claims, otherwise, Plaintiff's claim for unjust enrichment will proceed. Wherefore, Defendant's motion to dismiss, docket # 53 is denied.

IT IS SO ORDERED this 9th day of May, 2008.

_____
James M. Moody
United States District Judge