IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GARRY CLAYTON, On Behalf
of himself and all others similarly
situated                                                                                            PLAINTIFF

V.                                          5:07CV214JMM

BATESVILLE CASKET COMPANY, INC.                                        DEFENDANT

## ORDER

Pending is the Defendant's motion to dismiss the second amended complaint based on limitations. (Docket # 91). Plaintiff has responded. Following a hearing held on September 4, 2008, the Court took the Defendant's motion under advisement.

Defendant asks the Court to dismiss the Plaintiff's Complaint based upon the statute of limitations arguing that the Plaintiff's second amended complaint fails to assert sufficient allegations, either particularized or general, relating to tolling of the statute of limitations based on fraudulent concealment. Defendant claims that the Plaintiff's failure to plead the fraud allegations with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure is fatal to his claim.

Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). At this stage of the litigation, the Court must accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007). The plaintiff need not provide specific facts in support of their allegations, *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200

(2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Twombly*, 127 S.Ct. at 1964-65 & n. 3.  Under the special pleading rules contained in Rule 9(b), a complaint alleges sufficient facts to survive a motion to dismiss when the plaintiff states "with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b).

The Court finds that Plaintiff pled fraud with sufficient particularity as required under Rule 9(b).  *See Commercial Property Investments, Inc. v. Quality Inns Int'l*, 61 F.3d 639 (8th Cir. 1995).  Further, the Court finds that the Plaintiff has alleged sufficient allegations of fraudulent concealment to survive a motion to dismiss.  *Meadors v. Still*, 344 Ark. 307, 40 S.W. 3d 294 (2001) (in order to toll the statute of limitations, a plaintiff is required to present evidence creating a fact question related to some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself.) Plaintiff has alleged such acts of fraud which were "perpetrated in a way" that it concealed itself.

For these reasons, and for the reasons set forth in the Court's Order, docket # 11, Defendant's motion, docket # 91, is denied.

IT IS SO ORDERED this 11th day of September, 2008.

_____
James M. Moody
United States District Judge

2