IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GARRY CLAYTON, On Behalf
of himself and all others similarly
situated                                                                                           PLAINTIFF

V.                                              5:07CV214JMM

BATESVILLE CASKET COMPANY, INC.                                       DEFENDANT

## ORDER

Pending is Plaintiff's Revised Motion to Compel. (Docket # 106). Following a hearing and argument of counsel, Plaintiff's motion is granted in part as follows:

Interrogatory Number 14 requested the Defendant identify each casket sold in Arkansas during the Class Period which included a warranty from Batesville Casket which contained in part the following language: "completely resistant to the entrance of air and water." Defendant produced a list of caskets sold in Arkansas during the Class Period but did not respond to the question asking if the warranties which accompanied each casket contained the language "completely resistant to the entrance of air and water." The Court finds that it may be burdensome for the Defendant to identify which standard form warranty applied to each individual casket sold. Recognizing that the warranties accompanying each separate casket may differ in terms, the Defendant is directed to respond to the following more general inquiry: Did each gasketed casket identified in the documentation provided by Defendant contain a warranty which in part contained the language "completely resistant to the entrance of air and water" or other language which indicated that the gasketed caskets were in some way resistant to the entrance of air and water?

Defendant is also directed to respond to Interrogatory Number 28, specifically identifying the name and last known address of any current or former employees, agents or sales

representatives of Batesville Casket that made marketing or sales calls on funeral homes or funeral directors in the state of Arkansas for each year during the Class Period.

Defendant is directed to provide all testing or studies conducted by Batesville Casket or others which found, or suggested in any way, that the types of gasketed caskets manufactured by Batesville Casket and at issue herein were not completely resistant to the entrance of air and water. This production should include any testing which revealed the entrance of air and water even if the testing was initiated for other purposes. Included in this response, Defendant is directed to produce all testing or studies which have been conducted which provide any information relevant to whether the vacuum test is a reliable test to determine whether the caskets in question will perform in a manner in which the casket is completely resistant to the entrance of air and water following interment.

The remainder of Plaintiff's motion to compel is denied.

IT IS SO ORDERED this 13th day of January, 2009.

                                                        _____
                                                        James M. Moody
                                                        United States District Judge